UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Case Number 93-81229-BC
v.                                  Honorable Thomas L. Ludington

JOANNE VAN DE VELDE,

        Defendant.
_____ /

## ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE JUDGMENT
## (APPLICATION FOR EXPUNGEMENT)

On January 20, 1994, Defendant Joanne Van De Velde pleaded guilty to one count of misapplication of bank funds by an employee in violation of 18 U.S.C. § 656. At a hearing on July 14, 1994, the Honorable Paul V. Gadola sentenced Defendant to two years probation, and judgment was entered accordingly. Defendant completed probation and was discharged on or about July 22, 1996. Now before the Court is Defendant's motion to set aside judgment, or application for expungement [Dkt. # 10], filed on May 17, 2009, in which she seeks expungement of her criminal record of conviction or to have the conviction set aside. On August 31, 2009, the government filed a response [Dkt. # 17]. Pursuant to an administrative order and E.D. Mich. LcrR 57.10(b)(5), this post-judgment matter was reassigned from Judge Gadola to Judge Thomas L. Ludington when it arose. For the reasons stated below, Defendant's motion will be denied.

It is not disputed that "it is within the inherent equitable powers of a federal court to order the expungement of criminal records in an appropriate case." *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977). It is also undisputed that, because the government has a strong interest in maintaining its records, "the expungement power is narrow and appropriately used only in extreme

circumstances." *United States v. Robinson*, 79 F.3d 1149 (table), 1996 WL 107129, at *1 (6th Cir. 1996) (collecting cases from sister circuits). As the court noted in *Robinson*, "federal courts have most readily invoked the expungement power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct. Conversely, courts have uniformly denied expunction requests regarding valid convictions." 1996 WL 107129, at *2 (collecting cases). While there is not "a *per se* rule against expunging valid convictions," an applicant must demonstrate "compelling and extraordinary circumstances." *Id.*

In her motion, Defendant does not assert that her conviction was illegally obtained, that 18 U.S.C. § 656 has been repealed, or that the government engaged in any misconduct. Indeed, Defendant acknowledges that her conviction was not obtained through governmental misconduct. While Defendant states that she is employed in a middle school setting, she has not presented any evidence that her life's situation is an "extreme circumstance," or that an expungement would change her personal circumstances. Finally, she has not presented any evidence to undermine the integrity of her guilty plea.

Rather, Defendant contends that she did not have the requisite intent to defraud necessary to support a conviction under 18 U.S.C. § 656, and emphasizes that she voluntarily reported the conduct that resulted in the charge against her and almost immediately repaid any monies received. Defendant provides the following factual background regarding the offense of conviction:

    a.    That Defendant was employed with Central Mortgage Company for in excess of 8 years.

    b.    That Defendant was in charge of the preparation of documentation for mortgages and overseeing the closure and completion of any and all documents necessary in mortgage transactions.

. . .

    h.    That Central Mortgage Company did employ an incentive program which would

provide to employees a payment voucher which they could redeem through certain catalogs/books for the purchase and/or acquisition of merchandise. . . .

. . .

j.  That through the continuation of the incentive program, your Defendant did receive various vouchers and, as a result of the receipt of the vouchers and the fact that she was no longer interested in any purchases out of the catalogues/books, Defendant did then go to Colonial Central Bank which was located on the first floor the particular building where Defendant worked. Defendant did present the voucher/closing signed computer sheet from the closing department, and a check was made out to the incentive book individual with the employee's name in the memo section. The employees had a stamp for this individual with that person's name on it. Employees, including Defendant, would stamp the individual's name on front and back of check and would endorse the back upon cashing it at the Colonial Central Bank downstairs. All employees who received or were to receive an incentive booklet had the individual's name stamped on the check and enclosed the voucher/closing computer sheet with the individual's order.

k.  That your Defendant did present the voucher/closing computer sheet, as well as the signed and endorsed check to a teller at the first floor Colonial Central Bank Office and was paid money on each occurrence.

l.  That your Defendant continued to do this for a period of approximately 2 to 2½ years and received approximately $12,100.00.

m.  That at no time was Defendant aware of any issues as to the impropriety of her actions.

. . .

o.  That Defendant was called into a meeting whereby Defendant was informed that the monies that she received based upon the vouchers should not have been paid to Defendant.

. . .

q.  That within approximately three days, Defendant repaid the monies to Colonial Savings Bank.

r.  That Colonial Savings Bank advised Defendant that under federal banking regulations they were mandated to report this incident to the appropriate banking agency.

s.  That throughout these discussions . . . counsel for Colonial Savings Bank requested that Defendant report this incident to the Federal Bureau of Investigation (FBI) . . .

t.  . . . Defendant did then voluntarily go to the office of the FBI and explained the

        situation that had resulted.

v.     That as a result of the above scenario, your Defendant was charged with a crime because she did not use the program properly and cashed check (sic) that was to be used to purchase items for an incentive reward not as income.

Def. Br. 2-6.

    Notably, Defendant did not provide the Court with a complete copy of the plea agreement that Defendant entered, or a transcript of the plea hearing. Thus, the factual basis asserted for Defendant's guilty plea at that time is not apparent. Nevertheless, if an error occurred with respect to Defendant's conviction, Defendant could have filed a direct appeal, or a collateral attack pursuant to 28 U.S.C. § 2255. Defendant did neither, and it is not apparent that the conviction is invalid. *See* 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section."). Given the entirety of the circumstances described above, including the lack of a timely motion pursuant to § 2255, expungement is not an appropriate remedy.

    Accordingly, it is **ORDERED** that Defendant's motion to set aside judgment, or application for expungement [Dkt. # 10] is **DENIED**.

                                                    s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

Dated: February 9, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 9, 2010.

                                    s/Tracy A. Jacobs
                                    TRACY A. JACOBS